Carl Gray v. Zimmerman & Jansen Inc.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-331-CV

     CARL GRAY,
                                                                         Appellant
     v.

     ZIMMERMAN AND JANSEN, INC.,
                                                                         Appellee
 

From the 221st District Court
Montgomery County, Texas
Trial Court # 95-12-05053-CV
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This is an appeal from a motion for summary judgment granted in favor of appellee
Zimmerman and Jansen, Inc. [“Z & J”], defendant in the trial court, in connection with a suit for
negligence filed against it by plaintiff/appellant Carl Gray [“Gray”]. On September 14, 1994,
Gray, an employee of American Engineers and Fabricators, Inc. [“American”], seriously injured
his hand while repairing a large industrial valve manufactured by Z & J that was part of an even
larger piece of equipment at an oil refinery owned by Exxon. Gray sued both American and Z
& J seeking damages for negligence.


 On October 2, 1998, the trial court granted Z & J’s motion
for summary judgment. The trial court subsequently granted a severance as to Z & J and entered
an agreed final judgment against American. The summary judgment rendered in favor of Z & J
thus became a final, appealable judgment.
      Gray presents three issues on appeal: the trial court erred in granting summary judgment in
favor of Z & J on his negligence cause of action because there was a question of fact as to whether
Z & J: (1) was negligent; (2) failed to provide proper control and supervision of Gray’s work; and
(3) failed to provide Gray a safe place to work. Because all three issues turn on the question of
whether there is a sufficient factual basis to establish that Z & J, the general contractor, owed a
legal duty to Gray, an employee of American, an independent contractor, the issues are jointly
argued by both parties. We will affirm the trial court’s summary judgment order to the extent that
it disposes of Gray’s causes of action for alternatively pled theories of liability, and reverse and
remand the summary judgment order on Gray’s negligence cause of action.
A. Standard of Review
      Z & J’s motion for summary judgment was a “traditional” motion, as opposed to a “no-evidence” motion. See Tex. R. Civ. P. 166a. The general rules for reviewing traditional
summary judgment motions are well-known. In a summary judgment case, the issue on appeal
is whether the movant met his summary judgment burden by establishing that no genuine issue
of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ.
P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
burden of proof is on the movant, and all doubts about the existence of a genuine issue of material
fact are resolved against the movant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999); Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996); Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
Therefore, we must view the evidence and its reasonable inferences in the light most favorable to
the nonmovant. Great Am., 391 S.W.2d at 47.
      In deciding whether there is a material fact issue precluding summary judgment, all conflicts
in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. 
Rhone-Poulenc, 997 S.W.2d at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170,
173 (Tex. 1995). Evidence that favors the movant's position will not be considered unless it is
uncontroverted. Great Am., 391 S.W.2d at 47.
      A defendant is entitled to summary judgment if the summary judgment evidence establishes,
as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established. 
Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). The defendant as movant must
present summary judgment evidence that negates an element of the plaintiff’s claim. Once the
defendant produces sufficient evidence to establish the right to summary judgment, the burden
shifts to the plaintiff to come forward with competent controverting evidence raising a genuine
issue of material fact with regard to the element challenged by the defendant. Centeq Realty, Inc.
v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).
      Z & J presented evidence that it leased only administrative office space at the American
facility; however Gray presented evidence that the layout tables where the valves were worked on
belonged to Z & J, and that he did not have an adequate work area to conduct the repair he was
attempting on the valve. Similarly, Z & J provided evidence that Gray worked only for American
and that Z & J exercised no control over the work undertaken by American employees; however
Gray presented evidence that employees for American wore uniforms bearing both American and
Z & J logos, and that Z & J’s president, James Adams, had personally phoned American
employees to schedule work. Gray testified by deposition that James Adams phoned him on a
Sunday and told him to come in early at 5:00 a.m. the following day to work on the valve in
question, knowing that Glenn Ramsey, Gray’s supervisor at American, had already instructed
Gray to arrive at 7:00 a.m. to do sheet rock installation on new American offices that day. Gray
testified that Glenn Ramsey had instructed him not to do any other job for any reason without his
permission. According to Gray, Adams told him that he needed to come in early to “hurry up and
get [the valve] apart before Glenn gets there” so that by 7:00 a.m. “you can be back up doing
sheet rock and Glenn can’t say anything.” Adams testified by affidavit that it was his
understanding that Gray was to meet two other employees at 6:00 a.m. to begin work on the valve. 
One of those employees, Richard Kramer, overslept and did not arrive for work until
approximately 7:00 a.m.. By that time, the accident had already occurred, and Gray had already
been taken to the hospital.
B. Z & J’s Duty To Gray
      The summary judgment evidence established that at the time of Gray’s injury, Z & J was the
general contractor for repair of the large industrial valve that ultimately injured Gray’s hand and
that Gray’s employer, American, was an independent contractor hired by Z & J to repair the
valve.



      In response to all three issues presented by Gray on appeal, Z & J argues that it owed no legal
duty to Gray because Z & J was a general contractor with no control over the work in question
and Gray was an employee of American, an independent contractor.
      A general contractor owes the same duty as a premises owner to an independent contractor’s
employee. Koch Refining Co. v. Chapa, 11 S.W.3d 153, 155 n.1 (Tex. 1999) (citing Clayton W.
Williams Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997)). Therefore, cases considering the
duties of premises owners and general contractors are used interchangeably. Id.
      Generally, a premises owner does not have a duty to ensure that an independent contractor
safely performs his work. Redinger v. Living, Inc. 689 S.W.2d 415, 418 (Tex. 1985). In
Redinger, however, the Texas Supreme Court recognized a caveat to the general rule and adopted
the limited-duty exception set forth in the Restatement (Second) of Torts section 414: When the
premises owner retains some control over the independent contractor’s work, it must exercise that
control with reasonable care. Id.; see also Restatement (Second) of Torts § 414 (1965).
      In order for the Restatement’s exception to apply, the employer must have retained at least
some degree of control over the manner in which the work is done. Koch Refining Co., 11
S.W.3d at 154. It is not enough that he has merely a general right to order the work stopped or
resumed, to inspect its progress or to receive reports, to make suggestions or recommendations
which need not be necessarily followed, or to prescribe alterations and deviations. Id. Such a
general right is usually reserved to employers, but it does not mean that the contractor is
controlled as to his methods of work, or as to operative detail. Id. There must be such a retention
of a right of supervision that the contractor is not entirely free to do the work in his own way. Id.
      In its appellate brief, Z & J argues that the exception recognized by the Supreme Court in
Redinger is inapplicable because Redinger involved the premises owner’s duty to an independent
contractor, rather than, as here, a general contractor’s duty to an independent contractor. Z & J
cites Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425 (1950), and two intermediate level appellate
court decisions from the 1980’s as support for that proposition.


 To the extent that any of those
decisions support Z & J’s proposition, we believe they were implicitly overruled by the Texas
Supreme Court’s subsequent decision in Koch Refining Co., 11 S.W.3d at 155 n.1, where the
court specifically held that cases involving premises owners and independent contractors and those
involving general contractors and independent contractors are used interchangeably because the
same duty is owed in both situations. That means the rule announced in Redinger cannot be held
inapplicable in our case on the ground that the facts there involved a premises owner rather than
a general contractor.
C. Application 
      In our case, Z & J, through its president, James Adams, did more than exercise a general
right to order work on the valve to begin. Viewing the evidence in the light most favorable to
Gray, the summary judgment evidence showed that Z & J’s president, James Adams, personally
phoned Gray, a low level American employee, and directed him to arrive two hours before his
scheduled shift the next day and disassemble the valve, under circumstances in which it is
reasonable to infer that Adams knew that Gray’s supervisor had expected Gray to arrive at his
normal shift and had directed Gray not to perform any work other than the installation of sheet
rock without the supervisor’s permission. We hold this evidence was sufficient to establish, for
summary judgment purposes, that Z & J exercised more than a general right to tell American when
to begin work on the valve. We perceive there to be a significant difference between a general
contractor giving an independent contractor a general order to begin work, and the kind of specific
instructions Adams, as president of Z & J, gave Gray in the instant case. Gray’s supervisor,
Glenn Ramsey, testified by deposition that Adams should have obtained the approval of either
Ramsey or someone else at the company rather than personally ordering Gray to begin work and
that Adams had no authority to proceed in a contrary manner. Gray testified that Adams ordered
him to report to work two hours early and that Adams was aware he was circumventing
American’s chain of command--“hurry up and get [the valve] apart before Glenn [Ramsey] gets
there” so that by 7:00 a.m. “you can be back up doing sheet rock and Glenn can’t say anything.” 
We therefore conclude that under the Restatement’s exception recognized by the Texas Supreme
Court in Redinger, Gray is entitled to proceed with his negligence cause of action against Z & J
because there is evidence Z & J’s president exercised direct control over the injured American
employee.
      Issues one, two and three are sustained. The trial court’s summary judgment order is affirmed
to the extent that it disposes of Gray’s alternatively pled causes of action against Z & J, and
reversed to the extent that it disposes of Gray’s negligence cause of action. Gray’s negligence
cause of action is severed and remanded to the trial court for further proceedings consistent with
this opinion. See Ash v. Hack Branch Distrib. Co., 54 S.W.3d 401, 419 (Tex. App.—Waco 2001,
pet. denied).

                                                                   DAVID L. RICHARDS
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Richards (Sitting by Assignment)
Reversed and remanded
Opinion delivered and filed December 31, 2002
Do not publish
[CV06]