NUMBER 13-04-030-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ESMERALDA GRANADO,                                           Appellant,

 

                                           v.

 

DILLARD DEPARTMENT STORES,

INC.,                                                                     Appellees.

 

 

 

                  On appeal from the 138th
District Court

                          of Cameron
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

              Before Justices Rodriguez,
Castillo and Garza

                  Memorandum Opinion by Justice Castillo

 








After allegedly sustaining an injury inside a local
mall, appellant Esmeralda Granado brought general negligence and vicarious
liability claims against appellant Dillard's, Inc.
("Dillard's").  Granado alleged
that Heather Herring, a mall employee who ran into her with a supply cart, was
employed by or under the control of Dillard's. 
Dillard's moved for traditional summary judgment, which the trial court
granted on all claims.  It is from that
judgment that Granado appeals.  We
affirm.

I.  FACTUAL
BACKGROUND AND PROCEDURAL HISTORY

On November 4, 2000, while Granado shopped in the
mall, a cart reportedly containing plywood Christmas decorations struck the
side of Granado's lower leg.  Herring,
the assistant marketing director of the mall and employee of a co-owner of the
mall, the M.G. Herring Group, ("the Group"), pushed the cart in
question.  The incident occurred in a
common area of the mall, not within a particular store.  

A.  Dillard's
Motion

Granado brought suit against Dillard's as co-owner
of the mall for the negligence of its alleged employee, Herring.  In its traditional summary-judgment
motion,  Dillard's asserted it owed no
duty to Granado because it had no control over or any employment relationship
with Herring.  Dillard's summary-judgment
evidence included an excerpt from Herring's deposition.  Herring testified she was the assistant
marketing director for the mall and worked for the Group, a shopping center
developer. She further testified, in part:

Q:  [W]ho was
your employer?

 

A:  The M.G.
Herring Group.

 

Q:  Was
Dillard's, Inc. or Dillard's Department Stores in any way your employer on that
day?








 

A:  Not to my
knowledge.

 

Q:  Did
Dillard's, Inc. or Dillard's Department Stores ever on that day control your
work detail?

 

A:  No.

 

Q:  Were theyBwould Dillard's in any way ever tell you how to push
the cart or to push the cart or specifically what to do that day?

 

A:  No.  

 

Q:  This
impact that occurred between the cart and Ms. Granado's leg, how would you
describe it?

 

A:  A tap,
very light, very light impact. 

 

. . .

 

Q:  Ms.
Herring, just to clarify, then, on the particular day in question did you have
any kind of an employment relationship with Dillard's?

 

A:  No.

 

Q:  The
decorations that you were preparing and carting, were theyBat whose request or direction were they being
carted?  In other words, who was doing
the decoration for the mall?

 

A:  I was
doing the decoration.

 

Q:  And you
were doing that on behalf of who?  Your
employer?

 

A:  My
employer, yes.

 

Q:  And who
was that?

 

A:  The M.G.
Herring Group.

 

B.  Granado's
Response

 








Granado stated in her summary-judgment response that
Dillard's failed to prove the essential elements of its defense, in particular,
that (1) Herring was an independent contractor or (2) Herring and the Group
were not involved in a joint enterprise with Dillard's.  In her summary-judgment affidavit, Granado
attested that Herring pushed the cart that struck Granado's leg.  Through communications involving her claim,
she determined that Dillard's, and not the M.G. Herring Group, was the
responsible party.[2]              As
summary-judgment evidence, Granado also attached Herring's complete
deposition.  Herring testified that
before the incident, she was exiting the decor room and heading toward the area
directly in front of Dillard's to set up Christmas decorations during normal
business hours.  Granado exited a store
and, without looking, stepped in front of the cart.  Stating the fault was Granado's, Herring
testified, "I believe she should have looked where she was going, just as
if you would when you walked out of a store to make sure you didn't run into
someone."  Herring described the
incident as a "slight tap," stating, "I did impact her but very
slightly."  Herring testified two
mall employees accompanied her.  One
walked in front of the cart to clear the path of customers.  Herring testified, "One of the people
was more to the front but we were making a lot of noise.  The carts were very loud and made a lot of
noise on the tile floors and echoing through the mall very loud. . . .  We were making a lot of noise.  It would be very difficult to not know that
we were there."  The number of
customers "definitely kept me from going very fast," she added.








Herring further testified that the president of the
Group, her employer, is her father and that the Group was "involved in
ownership" of the mall with Brownsville Mall Developers and
Dillard's.  She testified that she took
direction from the mall's general manager, Cesar Briseno, and explained that
she and the mall manager "didn't answer to Dillard's."    

Granado also attached Briseno's deposition
testimony.  Briseno testified that, on
the date of the incident, he was not affiliated with the mall; rather, he began
work with the mall two days after the incident. 
His understanding was that the Group and Dillard's were co-owners of the
mall, with the Group's role being the "landlord."  He testified as follows:

Q:  Do you
have any idea what the arrangements were between Mr. Herring and Dillard's
company with regard to the management?

 

A:  No,
sir.  I was not privy to that
information.  

 

Briseno testified that the Group directed him to
report incidents to Dillard's risk management office; however, the Group, and
not Dillard's, provided the claim forms. Briseno further testified:

Q:  Okay.  And so in terms of these instructions of the
details of your work you never got any instructions from Dillard's, it was
always M.G. Herring Group, correct?

 

A:  That is
correct.

 

Q:  And so the
jury gets a real good sense of it, you were never an employee of Dillard's,
right?

 

A:  No, sir.

 

Q:  And
neither was anybody else that was managing the mall for M.G. Herring Group,
correct?








A:  That's
correct.

 

Briseno admitted he was not privy to the business
relationship between the Group and Dillard's. 
He received his information solely from the Group, which was his
employer.  He further testified that
Dillard's (1) was neither Heather Herring's nor his employer, (2) did not
provide him instructions on the details of his work, (3) did not control the
details of his work or of any other mall employees, and (4) did not control the
details of Heather Herring's work on the date in question.  Briseno testified that  Herring and he did not have any employment
relationship with Dillard's.

C.  Dillard's
Reply

After Dillard's filed its summary-judgment motion,
but before submission, Granado amended her petition to allege liability based
on a joint enterprise theory.  Dillard's
filed a reply challenging the joint enterprise theory raised in Granado's
response and the amended pleading. 
Dillard's asserted that Granado could not prove the essential element of
equal right to control in that cause of action. 
Without stating the grounds, the trial court granted Dillard's
summary-judgment motion as to all claims. 
Granado timely filed a motion for new trial which the trial court
denied.  This appeal ensued.  

II.  ISSUES ON
APPEAL








By one issue, Granado asserts generally that
Dillard's did not establish as a matter of law that it was not Herring's
employer.[3]  In sub-issues, Granado asserts:  (1) even if Dillard's was not Herring's
employer, Dillard's was involved in a joint enterprise with any co-owner of the
mall and, thus, was liable for Herring's acts on that theory; and (2) summary
judgment is improper due to a pleading defect.

III.  STANDARD
OF REVIEW

The function of summary judgment is to eliminate
patently unmeritorious claims and defenses, not to deprive litigants of the
right to a jury trial.  Alaniz v. Hoyt,
105 S.W.3d 330, 344 (Tex. App.BCorpus Christi 2003, no pet.); see also City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Swilley
v. Hughes, 488 S.W.2d 64, 68 (Tex. 1972).  The propriety of a summary judgment is a
question of law.  Natividad v.
Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).  We review de novo a trial court's grant or denial
of a traditional motion for summary judgment. 
Tex. R. Civ. P. 166a(c); Ortega
v. City Nat'l Bank, 97 S.W.3d 765, 771 (Tex. App.BCorpus Christi 2003,
no pet.).  

The movant for summary judgment has the burden of
showing that there  is no genuine issue
of material fact and that it is entitled to judgment as a matter of law.  In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true.  Every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor, while any evidence not in the favor of the non-movant
must be discarded.

 








Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985); see also KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003,
no pet.).  A defendant seeking a
traditional summary judgment must prove that no genuine issue of material fact
exists concerning plaintiff's claim, therefore entitling defendant to a
judgment as a matter of law.  Park
Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 510 (Tex. 1995).  "A defendant who conclusively negates at
least one of the essential elements of each of plaintiffs' causes of action or
who conclusively establishes all the elements of an affirmative defense is
entitled to summary judgment."  Cathey
v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).  If the defendant
establishes a right to summary judgment as a matter of law, the burden shifts
to the plaintiff to present evidence raising a genuine issue of material fact
to preclude summary judgment.  City of
Houston, 589 S.W.2d at 678.  When a
trial court's order granting summary judgment does not specify the grounds
relied upon, the reviewing court must affirm summary judgment if any of the
summary judgment grounds are meritorious. 
Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); Hoyt,
105 S.W.3d at 344; Ortega, 97
S.W.3d at 772.  

IV.  TRADITIONAL
SUMMARY-JUDGMENT ANALYSIS








The crux of Dillard's summary-judgment motion is that, because
Dillard's was not Herring's employer and had no right to control her work,
Granado could not prove the essential element of a legal duty in her negligent
activity claim.  A premises owner may be
liable for two types of negligence in failing to keep the premises safe:  (1) that arising from a premises defect, and
(2) that arising from an activity on the premises. See Koch Ref. Co. v.
Chapa, 11 S.W.3d 153, 156 (Tex. 1999) (per curiam); Keetch v. Kroger Co.,
845 S.W.2d 262, 264 (Tex. 1992) (declining "to eliminate all distinction
between premises conditions and negligent activities"); McKethan v.
McKethan, 477 S.W.2d 357, 360 (Tex. Civ. App.BCorpus
Christi 1972, writ ref'd n.r.e.) (referring to "active
negligence").  Granado did not
allege any claim arising from a premises defect.  Thus, this is a negligent activity case, not
a premises defect case.  Koch Ref. Co.,
11 S.W.3d at 156.    

A.  The Negligent
Activity Claim[4]








By her lawsuit, Granado alleges that Dillard's was actively
negligent for Herring's hitting her with a cart.  To recover against a land possessor under a
negligent activity theory, the plaintiff must prove she was injured by, or as a
contemporaneous result of, the negligent activity itself, rather than by a
condition created by the negligent activity. 
See Keetch, 845 S.W.2d at 264. 
The plaintiff's injuries must be directly related to an ongoing
activity.  Id.  By her sole issue, Granado asserts that Dillard's
failed to establish as a matter of law that it was not Herring's employer.  We take as true all evidence favorable to
Granado, and we indulge every reasonable inference and resolve any doubts in
her favor.  See IHS Cedars Treatment
Ctr. of Desoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004)
(citing Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002)).  The probative summary-judgment
evidence conclusively establishes that Dillard's was not Herring's
employer.  The existence of a duty is a
question of law for the court to decide from the facts surrounding the
occurrence in question.  Walker v.
Harris, 924 S.W.2d 375, 377 (Tex. 1996). 
Thus, Dillard's established a right to summary judgment as a matter of
law on grounds that it was not Herring's employer and, thus, had no duty to
Granado.[5]  Bradley, 990 S.W.2d at 247; Alaniz,
105 S.W.3d at 344; Ortega, 97 S.W.3d at 772.  We overrule Granado's issue.

B. 
Joint Enterprise








By one sub-issue, Granado asserts that Dillard's is liable under a joint
enterprise theory.  Granado advanced the
joint enterprise theory of liability both in its summary-judgment response and
its amended live pleading to defeat Dillard's claim to summary judgment as a
matter of law.[6]  See Tex.
R. Civ. P. 166a(c).  The elements which are essential to a joint
enterprise are commonly stated to be four: (1) an agreement, express or
implied, among the members of the group; (2) a common purpose to be carried out
by the group; (3) a community of pecuniary interest in that purpose, among the
members; and (4) an equal right to a voice in the direction of the enterprise,
which gives an equal right of control.  Shoemaker
v. Estate of Whistler, 513 S.W.2d 10, 16‑17 (Tex. 1974) (quoting Restatement (Second) of Torts ' 491
(1965)).    








In its summary-judgment reply, without objection, Dillard's
generally asserted that, even assuming Granado prevailed on her active
negligence claim, which Dillard's denied, Granado could not prove any of the
elements of joint enterprise.  Because it
is dispositive, we focus our analysis on the fourth and last required element
of a joint enterprise claim, "an equal right to a voice in the direction
of the enterprise, which gives an equal right to control."  Shoemaker, 513 S.W.2d at 16-17.  Both Herring and Briseno testified in their
depositions that the Group was their direct and sole employer and had the
exclusive right to control their work-related activities, duties and conduct.  They further testified that the Group
exercised the right to control the details of their work.  Thus, the uncontroverted summary-judgment
evidence negates at least one essential element of Granado's joint enterprise
theory.  Triplex Communications v.
Riley, 900 S.W.2d 716, 718 (Tex. 1995) (holding that the fact that some
elements are satisfied does not compensate for the lack of evidence as to an
essential element).  We conclude that
Granado did not meet her burden to present evidence raising a genuine
issue of material fact in order to preclude summary judgment as a matter of
law.  City of Houston, 589 S.W.2d
at 678.  Because Dillard's conclusively
negated at least one essential element of Granado's joint enterprise claim, it
was entitled to summary judgment on that claim. 
Mason, 143 S.W.3d at 798. 
Accordingly, we conclude that summary judgment is proper.  We overrule Granado's first sub-issue.  

C. 
Pleading Defect

By a second sub-issue, Granado asserts that summary judgment is improper
because Dillard's did not plead duty as an affirmative defense.  "[L]ack of duty is not an affirmative
defense because duty is an essential element of a plaintiff's case."  Toles v. Toles, 113 S.W.3d 899, 909
(Tex. App.BDallas 2003, no pet.)
(citing Coleman v. Hudson Gas & Oil Corp., 455 S.W.2d 701, 702 (Tex.
1970)).  Because duty is an essential
element of the negligence claim, we conclude that Dillard's need not plead the
lack of duty as an affirmative defense.  See
id.; Tex. R. Civ. P. 94.  We overrule Granado's second sub-issue.








V. 
CONCLUSION

        We affirm the trial court's summary
judgment.

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion
delivered and filed

this 31st day of August,
2005.

 











[1] See Tex.
R. App. P. 47.2, 47.4.





[2] Granado attached as
summary-judgment evidence letters from claim adjusters that list Dillard's,
Inc. as the insured.





[3] Dillard's liability under
respondeat superior is derivative from its liability under negligence as both
are based upon the existence of an employer‑employee relationship.  Though they themselves may have committed no
wrong, an employer and principal may be held vicariously liable for negligence
on the part of an agent or employee, provided that person was acting
"within the scope of his or her agency or employment."  Baptist Mem. Hosp. Sys. v. Sampson,
969 S.W.2d 945, 947 (Tex. 1998). 
Justification for imposition of such liability stems from the theory
that "the principal or employer has the right to control the means and
methods of the agent or employee's work." 
Id.  In its
summary-judgment motion, Dillard's claimed, among other things, that it owed no
duty to Granado.





[4] A cause of action for negligence
in Texas requires three elements.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  There must be a legal duty owed by one person
to another, a breach of that duty, and damages proximately caused by the
breach.  Id. (citing El
Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987)).  Proximate cause requires both cause in fact
and foreseeability.  Id. (citing
Farley v. M M Cattle Co., 529 S.W.2d 751, 755 (Tex. 1975)).  Foreseeability exists when "the actor as
a person of ordinary intelligence should have anticipated the dangers his
negligent act creates for others."  Id.
(citing El Chico Corp., 732 S.W.2d at 313).  The threshold inquiry is duty.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).  

 

 





[5] Even if Dillard's had a duty to
Granado, an issue we do not decide, her claims fall short of proximate cause as
a matter of law.  IHS Cedars Treatment
Ctr. of Desoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 801 (Tex. 2004)
(assuming the existence of a duty and resolving the appeal on the basis of one
of the other elements of negligence, proximate cause).  Viewing the competent evidence favorably to
Granado, the trial court could have properly granted summary judgment on other
grounds.  The trial court could have
concluded that the alleged omissions were not ongoing activities but, rather,
created a condition that makes the injury possible.  See id.; Union Pump Co. v.
Allbritton, 898 S.W.2d 773, 775 (Tex. 1995) (holding that when the facts
are undisputed proximate cause can be a question of law); see also Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 472 (Tex. 1991) (holding
that if the connection between the defendant's negligence and the plaintiff's
injury is too attenuated, cause in fact is not established); Davidson v.
Gulf, C. & S. F. R. Co., 136 S.W.2d 923, 928 (Tex. App.BFort Worth 1940, writ dism'd)
("In view of all the facts developed, and those upon which no evidence was
offered, we believe the trial court properly decided that there was no evidence
to form an issue of whether or not the employees' failure to do the things
enumerated constituted such active negligence as would render defendants liable
for the injuries sustained by plaintiff.").  Accordingly, the trial court could have
properly concluded Dillard's established a right to summary judgment as a
matter of law on Granado's negligence claim. 
See Mason, 143 S.W.3d at 801; Cathey v. Booth, 900 S.W.2d
339, 341 (Tex. 1995) (per curiam).   





[6] As previously noted, Granado
amended her petition to allege a joint enterprise theory of liability after
Dillard's filed its summary-judgment motion. 
We pause to briefly address the issue in the context of our jurisdiction
because it is determinative of finality of the summary judgment.  The parties addressed the joint enterprise
theory in summary-judgment proceedings and, thus, the theory was  squarely before the trial court at the time
it entered summary judgment.  We conclude
that the summary judgment disposed of all Granado's claims in her pleading, as
amended, and was final.  Lehmann v.
Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Accordingly, the issue is properly before
us.  See id.