KOCH REFINING COMPANY, H & S
Construction Company a/k/a H & S
Construction, Inc., H & S Construc-
tors, Inc., and Stafftek, Inc. a/k/a Staff
Tech, Petitioners,

v.

Juan Robert CHAPA and Adelina
Chapa, Respondents.

No. 99–0228.

Supreme Court of Texas.

Dec. 16, 1999.

Rehearing Overruled March 9, 2000.

Rick F. Rogers, Randal W. Hill, Corpus Christi, for Petitioners.

Donald B. Edwards, Filemon B. Vela, Jr., Craig S. Smith, Corpus Christi, for Respondents.

PER CURIAM.

The issue in this case is whether a premises owner, merely by placing a safety employee on the work site, incurs a duty to an independent contractor's employees to intervene and ensure that they safely perform their work. Koch Refining Co. hired H & S Constructors, Inc., as an independent contractor to perform pipe-fitting operations at its plant. H & S hired Juan Chapa from an employee-leasing company. Chapa sustained an injury when a co-worker who was helping Chapa move a pipe unexpectedly lost his footing. Chapa testified that, before the accident, he questioned his H & S supervisor about the safety of the manner in which the pipe was to be lifted. Chapa further testified that he hoped that the Koch safety employee, who was standing nearby, would overhear the conversation and instruct Chapa to move the pipe in a different manner.

Koch moved for summary judgment contending that Koch owed no duty to Chapa because Koch did not conduct, control, supervise, or direct the pipe-fitting work in general, or more particularly, the work of

Chapa or any H & S employee. The trial court granted Koch's motion for summary judgment. A divided court of appeals reversed, holding that a fact issue existed as to whether Koch, through its on-site safety employee, retained control over the safety requirements of its independent contractor. 985 S.W.2d 158. Additionally, the court of appeals held that a fact issue existed as to whether "Koch's apparent acquiescence to the independent contractor's order to perform an unsafe operation was sufficient to compel Koch to take corrective action." *Id.* at 162. We agree with Justice Dorsey's dissent in the court of appeals that "Koch's act of having a safety man on the premises did not impose a duty of care on itself to ensure that Chapa did nothing unsafe." *Id.* at 166 (Dorsey, J., dissenting). Accordingly, we reverse and render judgment that Chapa take nothing.

■ Generally, a premises owner does not have a duty to ensure that an independent contractor safely performs his work.[1] *See Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex.1985). But in *Redinger* we adopted the limited-duty rule set forth in the *Restatement (Second) of Torts* section 414: When the premises owner retains some control over the independent contractor's work, it must exercise that control with reasonable care. *See id.; see also* RESTATEMENT (SECOND) OF TORTS § 414 (1965).

■ The *Restatement* provides that, under certain circumstances, a premises owner may incur this duty to its independent contractor's employees when it reserves the right to forbid the independent con-

tractor from performing its work in a dangerous manner.[2] *See* RESTATEMENT (SECOND) OF TORTS § 414 cmt. a (1965). But the comments to section 414 of the *Restatement* suggest that merely exercising or retaining a general right to recommend a safe manner for the independent contractor's employees to perform their work is not enough to subject a premises owner to liability:

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

*Id.* § 414 cmt. c. A premises owner can be liable under this section if it either contractually retains or actually exercises control over the independent contractor's work. *See, e.g., Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 528 (Tex. 1997). Thus, whether Koch owed Chapa a section 414 duty turns on whether Koch contractually retained or actually exercised a right of supervision such that H & S was not entirely free to do the work in its own

1. This case involves a premises owner's duty to an independent contractor's employee. A general contractor owes the same duty as a premises owner to an independent contractor's employee. *See Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex.1997). Thus, cases considering the duties of premises owners and general contractors are used interchangeably.

2. Also, in *Hoechst–Celanese Corp. v. Mendez,* 967 S.W.2d 354 (Tex.1998), we held that a premises owner may incur this limited duty

when it promulgates safety requirements. *Id.* at 357 ("[S]afety requirements give rise to a *narrow* duty of care.") (emphasis in original). Chapa presented no evidence that Koch promulgated any safety regulations that directed the manner in which Chapa (or any other H & S employee) lifted pipes. Thus, this is not a case in which safety regulations promulgated by a premises owner allegedly increased the risk or severity of injury to an independent contractor's workers.

way. *See Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 804 (Tex.1999); *Olivo,* 952 S.W.2d at 527; *see also Coastal Marine Serv. of Tex., Inc. v. Lawrence,* 988 S.W.2d 223, 226 (Tex.1999).

■ Koch's summary judgment evidence established that it did not contractually retain a supervisory right over Chapa such that Chapa and H & S were "not entirely free to do the work in [their] own way." *See* RESTATEMENT (SECOND) § 414 cmt. c (1965). To the contrary, the summary judgment evidence established that it was H & S, not Koch, that had the power and responsibility to ensure that Chapa's work was performed safely. The Field Service Contract, which controlled the relationship between Koch and H & S, provided that H & S would furnish any and all supervision over its employees and "[a]t all times [H & S] shall perform as an independent contractor."

■ Nonetheless, Chapa contends that a duty was established based on the mere presence of the Koch safety employee and the possibility that he might intervene and forbid Chapa from lifting the pipe in a dangerous manner.[3] Chapa testified that the Koch safety employee was present to "tell us if we were to do something wrong, not to do it like that—not to go about it that way, to go about it a different way." In addition, Chapa's co-worker answered "yes" to a deposition question inquiring: "[I]f you are doing your job unsafely, the Koch people will make sure and remind you that you are doing [it] unsafely and make sure that you do the job in a safe manner?" This testimony, however, is not evidence that Koch exercised the degree of control necessary to create a duty: It is not evidence that H & S and Chapa were not free to do the work in their own way and is not evidence that Koch controlled the method of work or its operative details. Every premises

owner must have some latitude to tell its independent contractors what to do, in general terms, and may do so without becoming subject to liability. *See Redinger,* 689 S.W.2d at 418.

■ Furthermore, Chapa claims that Koch owed him a duty because Koch safety employees had allegedly instructed H & S employees to perform their work in a safer manner in the past. However, as we noted in *Hoechst–Celanese Corp. v. Mendez,* 967 S.W.2d 354, 357–58 (Tex. 1998), requiring an independent contractor to "observe and promote compliance with federal laws, general safety guidelines, and other standard safety precautions [does] not impose an unqualified duty of care on [a premises owner] to ensure that [an independent contractor's employees do] nothing unsafe." Rather, Koch at most owed H & S's employees "a duty that any safety requirements and procedures it promulgated did not unreasonably increase, rather than decrease, the probability and severity of injury." *Id.* at 358. Chapa, however, did not present any evidence that any Koch employee instructed Chapa in lifting the pipe that led to his injury. To the contrary, Koch's contract administrator testified by affidavit that Chapa's employer, H & S, controlled and directed Chapa's work on the day of the accident. An employee's "willingness to follow a premises owner's instructions, though no such instructions were given," does not constitute legally sufficient evidence of the premises owner's right to control such that a duty arises. *See Lawrence,* 988 S.W.2d at 224.

■ The court of appeals cited *Tovar v. Amarillo Oil Co.,* 692 S.W.2d 469 (Tex. 1985) (per curiam), to support its conclusion that a fact issue existed as to whether "Koch's apparent acquiescence to the independent contractor's order to perform an unsafe operation was sufficient to compel

---

**3.** A premises owner may be liable for two types of negligence in failing to keep the premises safe: 1) that arising from a premises defect, and 2) that arising from an activity on the premises. *See Olivo,* 952 S.W.2d at 527. Chapa did not allege any premises defect. Thus, this is a negligent activity case, not a premises defect case.

Koch to take corrective action." 985 S.W.2d at 162. In *Tovar*, an oil company contractually reserved the right to suspend the drilling operations of its independent contractor "in the event of carelessness, inattention, or incompetency on the part of" the independent contractor. *See Tovar*, 692 S.W.2d at 470. As such, we held that the oil company owed a section 414 duty to its independent contractor's employees to exercise that contractual right when the oil company became aware that the independent contractor was violating a specific, critical safety provision in the drilling contract. *See id.* Here, Chapa alleged only that the Koch safety employee was nearby and that he hoped the safety employee would overhear his conversation with the supervisor. In contrast to *Tovar*, there was no contractual provision giving Koch the right to take action if it became aware that an H & S employee was acting unsafely. Thus, Koch did not incur a duty to H & S employees under *Tovar*.

We conclude that a premises owner, merely by placing a safety employee on the work site, does not incur a duty to an independent contractor's employees to intervene and ensure that they safely perform their work. Because Koch produced evidence that it did not contractually retain or actually exercise the power to forbid the work from being done in a dangerous manner and Chapa presented no evidence that Koch retained or exercised the requisite control over H & S and its employees, the court of appeals erred in holding that a fact issue existed. Accordingly, we hold that Koch owed Chapa no duty. Pursuant to Texas Rule of Appellate Procedure 59.1 and without hearing oral argument, we reverse the court of appeals' judgment and render judgment that Chapa take nothing.