Reversed and Rendered and Majority and Concurring Opinions filed March
16, 2006














Reversed and Rendered and
Majority and Concurring Opinions filed March 16, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01179-CV

_______________

 

CITY OF HOUSTON,
Appellant

 

V.

 

THOMAS AND CHORLOTTIEA HARRIS, INDIVIDUALLY
AND AS NEXT FRIEND 

OF JOSHUA HARRIS, A
MINOR, Appellees



_____________________________________________________



 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No.767,952 



_____________________________________________________



 

C O N C U R R I N G  
O P I N I O N

 

On
the governmental immunity issue in this case, I would employ the following
reasoning rather than that of the majority opinion.








The
Tort Claims Act (the AAct@) waives sovereign immunity for, among other things, personal
injury caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 101.021(2) (Vernon 2005).  A private premises owner may be liable for two
types of negligence in failing to keep the premises safe: (1) that arising from
a premises defect, and (2) that arising from an activity on the premises.  See Koch Ref. Co. v. Chapa, 11 S.W.3d
153, 156 (Tex. 1999) (per curiam); Clayton
W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997). 
Premise defect and negligent activity are independent theories of
recovery.  Olivo, 952 S.W.2d at
529.  Recovery on a negligent activity
theory requires that the injury be a contemporaneous result of the activity[1]
itself rather than by a condition created by the activity.  Timberwalk Apartments Partners, Inc. v.
Cain, 972 S.W.2d 749, 753 (Tex.
1998).  Conversely, if a person is
injured as a result of a condition of the premises, including property on the
premises, rather than any conduct occurring at the time of the injury, he has
only a premise defect cause of action.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 229-30 (Tex. 2004); Olivo,
952 S.W.2d at 527.  The same distinction
exists between a condition and use of property under the Act because it
expressly waives governmental immunity only to the extent, among other things,
that a private person would be liable under Texas law. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.021(2).








The
Harrises= petition essentially alleges that:
(1) the injury occurred on property owned, occupied, or controlled by the City
and on which the Harrises were invitees; (2) the injury was caused by a
condition or use of tangible personal or real property (the sculpture); (3) the
sculpture is constructed with numerous holes in the metal structure, which form
Apinch points@ that can cause serious injuries; (4)
the sculpture had recently been moved by the City, and was devoid of any
protective barriers or signs warning of any potential dangers, and these
actions were ongoing when Joshua was injured; (5) Joshua placed his hand on the
sculpture, and when he moved away from it, his finger suffered a traumatic
injury by the dangerous condition and use of the sculpture; (6) the sculpture
was a Akey fixture@ in the contemporaneous and ongoing
activity of the City=s effort to attract attention to the zoo; and (7) the City
knew or should have known of the dangers Ainherent@ in the sculpture and owed the
Harrises the duty to use ordinary care with respect to the condition or use of
tangible personal or real property owned or controlled by the City.  The Harrises= petition thus alleges both a
condition and use of the property, be it real or personal.

The
Ause@ or ongoing activity they allege is
employing the sculpture to draw attention, and thereby attract visitors, to the
Zoo.  If this were indeed a Ause@ of the sculpture, then the fact that
the sculpture is real property would not transform the Ause@ claim into a Acondition,@ i.e., premise defect, claim,
as the majority holds.  However, because
the Harrises= petition does not allege, and their
evidence does not raise a fact issue, that any City employees were conducting
any contemporaneous activity with, on, or near the sculpture that could be
considered a true use of it, i.e., a negligent activity,[2]
their claim is not one for a negligent activity or use of property (be it real
or personal), but is instead a Acondition@ claim.

If
the sculpture was tangible personal property, a claim for injury due to a
condition of it would be subject to the waiver of immunity only to the extent
that the same theory of recovery is recognized as against non-governmental
parties, such as for products liability. 
Because the Harrises have not alleged facts supporting, or otherwise
asserted, any such claim that would impose liability on a private person for a
condition of tangible personal property, there can be no waiver of immunity on
that basis.  Thus, as the Harrises have
not alleged a use of property (real or personal) or a condition of personal
property, all that remains to be considered is a condition of real property, i.e.,
a premise defect.








Ordinarily,
where a claim under the Act arises from a premise defect, the governmental unit
owes the claimant the duty owed to a licensee, unless the claimant has paid for
the use of the premises, in which case the duty owed to the claimant is that
owed to an invitee.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.022(a) (Vernon Supp. 2005).  In this case, although the Harrises contend
that they were invitees, they have not pled or offered evidence that they paid
to enter or use the area where the injury occurred, or any other facts that would
support their alleged status as invitees rather than licensees.

The
duty a premises owner owes a licensee is to refrain from causing injury by
willful, wanton, or gross negligence, and to warn or make reasonably safe any
dangerous conditions the owner actually knows about and the claimant
does not.  See Wal-Mart Stores, Inc.
v. Miller, 102 S.W.3d 706, 709 (Tex.
2003).  In this regard, the Harrises have
not alleged or offered evidence of any willful or grossly negligent conduct by
the City, let alone that their injury resulted from any such conduct.  Similarly, as noted by the majority, although
their petition alleges that the City Aknew or should have known@ of the dangerous condition of the
sculpture, they have not alleged or offered any evidence that the City actually
knew of this condition, as would be required for recovery by a licensee.

Lastly,
where a claimant has either been invited or given permission to enter the
premises for recreation, the Recreational Use Statute[3]
(the AStatute@) limits the duty owed by the
property owner, including a governmental unit, to that owed to a trespasser (i.e.,
to refrain from causing injury wantonly, willfully, or through gross
negligence).  See Tex. Civ. Prac. & Rem. Code Ann. ' 75.002(c) (Vernon
Supp. 2005); City of Bellmead v. Torres,
89 S.W.3d 611, 613-14 (Tex.
2002).  The Statute so limits a
governmental unit=s liability even if the claimant paid to enter the
premises.  Tex. Civ. Prac. & Rem. Code Ann. ' 75.003(c) (Vernon 2005); Miranda,
133 S.W.3d at 225.  Recreation, as
defined by the Statute, includes activities such as picnicking, hiking, nature
study, and Aany other activity associated with
enjoying nature and the outdoors.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 75.001(3) (Vernon Supp. 2005).








The
Harrises argue that the Statute does not apply because they were not engaged in
a recreational activity when Joshua=s injury occurred.  However, their petition alleges that the
injury occurred in connection with taking a photo during a family outing
outside the Houston Zoo.  It alleges, and
they have offered evidence of, no facts that would suggest they were making a
commercial or other non-recreational use of the City=s property.[4]

Therefore,
because the Harrises have not alleged or offered evidence that they were
invitees or that any conduct by the City breached the duty owed to a licensee
or trespasser, their petition also fails to state a claim for which the City=s immunity has been waived for
premises liability.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed March 16, 2006.

Panel consists of
Justices Edelman, Seymore, and Guzman. 
(Guzman, J., majority.)

 

 











[1]           Similarly,
Ause@ under the Act has been defined to mean Ato put or bring into action or service; to employ for or
apply to a given purpose.@  San Antonio
State Hosp. v. Cowan, 128 S.W.3d 244, 246 (Tex. 2004).





[2]           See
Tex. A & M Univ.
v. Bishop, 156 S.W.3d 580, 583 (Tex.
2005).





[3]           Tex. Civ. Prac. & Rem. Code Ann. '' 75.001-.004 (Vernon 2005 & Supp. 2005).





[4]           The
Harrises also argue that the Statute does not apply to this case because it
only applies by its terms to realty, and the City failed to establish that the
sculpture was realty.  Because the
Statute  addresses only the duty that
would apply to a premises liability claimant, it would seem to have no
application to a claim for a condition of tangible personal property or for use
of either real or personal property. 
However, as discussed in the preceding paragraphs, the Harrises have
alleged no such claims in this case.