IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00063-CV

 

Joyce Shelby,

                                                                                    Appellant

 v.

 

Granbury Care Center,

                                                                                    Appellee

 

 

 



From the 236th
District Court

Tarrant County, Texas

Trial Court No. 236-203080-03

 



MEMORANDUM  Opinion



 

Appellant Joyce Shelby
brings this appeal contesting the trial court’s granting of summary judgment in
favor of Appellee Creative Solutions in Healthcare d/b/a Granbury Care Center (Granbury).   

We will reverse the
judgment of the trial court.




BACKGROUND

      In November of 2002, Granbury entered
into a contract with Vitas Healthcare of Texas, L.P. (Vitas) in which Vitas
agreed to provide nursing services for Granbury’s hospice patients.  Shelby was employed as a nurse by Vitas and assigned to provide nursing services at Granbury. 
On February 7, 2003, Shelby was injured while attempting to transfer a patient,
who weighed over 300 pounds, from his bed to a wheelchair.  She had requested
that a Granbury employee assist her in transferring the patient, but the
employee refused.

Shelby filed suit, claiming Granbury was
negligent in failing to assist her in transferring the patient and in failing
to provide adequate employees to take care of Granbury patients.  Granbury moved
for summary judgment, asserting that it did not owe a duty to Shelby.  The trial
court granted the motion, and Shelby appeals from that judgment.

STANDARD OF REVIEW

We review the decision to
grant or deny a summary-judgment motion de novo.  See Provident Life
& Accident Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The standards
for reviewing a traditional motion for summary judgment are well established.  Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  The movant has
the burden of showing that no genuine issue of material fact exists and that it
is entitled to summary judgment as a matter of law.  American Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash v. Hack Branch Distrib. Co., 54 S. W.3d 401,
413 (Tex. App.—Waco 2001, pet. denied).  The reviewing court must accept all
evidence favorable to the non-movant as true.  Nixon, 690 S.W.2d at
549; Ash, 54 S.W.3d at 413.  Every reasonable inference must be indulged
in favor of the non-movant and all doubts resolved in her favor.  American
Tobacco, 951 S.W.2d at 425; Ash, 54 S.W.3d at 413.  A defendant who
conclusively negates at least one of the essential elements of a cause of
action is entitled to a summary judgment as to that cause of action.  Randall's
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995) (citing Wornick
Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993), and Gibbs v. General
Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970)).

DUTY

The issue on appeal is
whether Granbury owed Shelby a legal duty.  

The threshold inquiry in a
negligence case is whether the defendant owes a legal duty to the plaintiff.  Centeq
Realty, Inc., v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  The existence
of duty is a question of law for the court to decide from the facts surrounding
the occurrence in question.  Id.; see also Bird v. W.C.W.,
868 S.W.2d 767, 769 (Tex. 1994); Greater Houston Transp. Co. v. Phillips,
801 S.W.2d 523, 525 (Tex. 1990).  However, in some instances, the resolution of
disputed facts is required before the duty determination can be made.  See
Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 395 (Tex. 1991).

Shelby contends there is a genuine issue of
material fact surrounding the occurrence.  Specifically, she says that Granbury
owed her a duty by (1) assuming the duty by contract, (2) contractually
retaining or actually controlling her work, or (3) assuming the duty by a
voluntary affirmative act.

ASSUMED DUTY BY CONTRACT

      First, Shelby argues that
Granbury had a duty implied by law to perform with skill and care that which it
agreed to do by contract.  She cites the “well established” rule that
“[a]ccompanying every contract is a common-law duty to perform with care,
skill, reasonable expedience and faithfulness the thing agreed to be done, and
a negligent failure to observe any of these conditions is a tort, as well as a
breach of contract.”  Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, 510 (1947); Aranda v. Ins. Co. of North America, 748 S.W.2d 210, 212 (Tex. 1988).  To help in determining
whether the plaintiff may recover on tort as well as contract, the
Supreme Court set forth the following factors:  (1)
obligations imposed by law are tort obligations; (2) misfeasance or negligent
affirmative conduct in the performance of a promise generally subjects an actor
to tort liability as well as contract liability for physical harm to persons
and tangible things; (3) recovery of intangible economic losses is normally
determined by contract law; and (4) there is no tort liability for nonfeasance,
i.e., for failing to do what one has promised to do in the absence of a
duty to act apart from the promise made.  Southwestern Bell Telephone
Co. v. DeLanney, 809 S.W.2d 493 (Tex. 1991) (citing W. Keeton, D.
Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts
§ 92 at 655 (5th Ed. 1984)).

      Shelby complains that Granbury’s employees failed to assist
her in transferring a patient as required under the contract.  By failing to
act, Granbury may have breached its contract with Vitas, but we find no breach
of any implied duty in law independent of the contract.

DUTY AS A PREMISES OWNER

As a general rule, a premises
owner does not have a duty to ensure that an independent contractor performs her
work in a safe manner.[1] 
See Elliott-Williams Co., Inc. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999); Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985); Abalos v.
Oil Dev. Co., 544 S.W.2d 627, 631 (Tex. 1976).  However, a duty may arise when
the premises owner retains some control over the independent contractor’s
work.  Redinger, 689 S.W.2d at 418; Restatement (Second) of Torts § 414 (1965).  “Right to control may be shown by explicit contractual assignment
or actual exercise of control.”  Shell Oil Co. v.
Khan, 138 S.W.3d 288, 292 (Tex. 2004).  “Generally, the former is a question of law for the court and the
latter a question of fact for the jury.”  Id.

      




Contractual Right to Control

“A contract may impose control upon a party thereby creating a
duty of care.”  Elliott-Williams, 9 S.W.3d at 804.  The fact that actual
control was not exercised will not preclude liability on the part of the premises
owner if a contract provides for his control over the independent contractor’s
work.  See id.  To establish that a premises owner retained control over
an independent contractor’s work pursuant to a contract, the contract must
dictate the means, methods, or details of the independent contractor's work.  See
id.  Further, the comments to Section 414 of the Restatement (Second) of
Torts state that for one to impose its control such that it owes a duty of
care to others: “[i]t is not enough that he has merely a general right to order
the work stopped or resumed, to inspect its progress or to receive reports, to
make suggestions or recommendations which need not necessarily be followed, or
to prescribe alterations and deviations.”   Restatement (Second) of Torts § 414 (1965).  Rather, the premises owner must retain such control over the work that
the independent contractor is not “entirely free to do the work in his own
way.”  Id.

The contract between
Granbury and Vitas stated that Granbury would provide Facility Room and Board
Services to its hospice patients.  “Facility Room and Board Services” are
defined as personal care services for hospice patients including, but not
limited to, assisting in activities of daily living such as mobility,
ambulation, and transferring.  The contract further provided that the parties
would “cooperate with each other in reviewing the quality and appropriateness
of … Facility Room and Board Services.”  Shelby contends this provision raises
an inference of control over the activity of transferring patients.  Although
Granbury was responsible for assisting Vitas’ transfer of patients, the
contract does not prescribe the means, methods, or details of how patients
should be transferred.  We therefore hold that the contract between Granbury
and Vitas does not create a duty on the part of Granbury as a premises owner.

Actual Exercise of Control

A premises owner who actually exercises control over the independent
contractor's work may be subject to direct liability for negligence.  Koch
Ref. Co. v. Chapa, 11 S.W.3d 153, 155 (Tex. 1999).  Liability will be
imposed when the premises owner undertakes control over the specific activity
that caused the injury.  See Lee Lewis Constr., Inc. v. Harrison, 70
S.W.3d 778, 783 (Tex. 2001).  General safety guidelines imposed by the premises
owner or the fact that he has inspected the work in the past does not create a
duty.  See Dow
Chemical Co. v. Bright, 89 S.W.3d 602, 611 (Tex. 2002); Restatement (Second) of Torts § 414,
Comment c.  Again, the plaintiff must show that the premises
owner retained control over the manner in which the independent contractor’s
work is performed.  See Lee Lewis, 70 S.W.3d at 783; Elliott-Williams,
9 S.W.3d at 803.

In Lee Lewis, the
court held that the general contractor exercised the right to control the
independent contractor’s work in that it routinely inspected the independent
contractor’s employees to see that they properly utilized safety equipment and
it approved the means of performing the job.  However, in this case, the only
evidence offered by Shelby to show that Granbury exercised control is testimony
that Granbury employees had assisted her in transferring patients in the past. 
However, Shelby did not show that Granbury ever implemented safety policies for
its employees or Vitas’s employees to follow.  The summary judgment evidence does
not raise a fact issue that Granbury, as a premises owner, exercised control
over the transfer of patients because it does not show that Granbury sought to
control the means, methods, or details of this activity.

ASSUMED DUTY BY VOLUNTARY AFFIRMATIVE ACT

“One who voluntarily undertakes an
affirmative course of action for the benefit of another has a duty to exercise
reasonable care that the other’s person or property will not be injured
thereby.”  Sbrusch, 818 S.W.2d at 395 (citing Colonial Sav. Ass’n. v.
 Taylor, 544 S.W.2d 116, 119 (Tex. 1976)).  Section 323 of the Restatement (Second)
of Torts states:

One who undertakes, gratuitously or for
consideration, to render services to another which he should recognize as
necessary for the protection of the other's person or things, is subject to
liability to the other for physical harm resulting from his
failure to exercise reasonable care to perform his undertaking, if

 

(a)
his failure to exercise such care increases the risk of such harm, or

 

(b)
the harm is suffered because of the other's reliance upon the undertaking.

 

Restatement
(Second) of Torts § 323
(1965).  As to third
parties, Section 324A of the Restatement states the rule:

One
who undertakes, gratuitously or for consideration, to render services to
another which he should recognize as necessary for the protection of a third
person or his things, is subject to liability to the third person for physical
harm resulting from his failure to exercise reasonable care to protect his
undertaking, if 

 

(a)
his failure to exercise reasonable care increases the risk of such harm, or 

 

(b)
he has undertaken to perform a duty owed by the other to the third person, or


 

(c)
the harm is suffered because of reliance of the other or the third person upon
the undertaking.


 

Restatement
(Second) of Torts § 324A
(1965).

      There is
uncontroverted evidence that, prior to the incident in which Shelby was
injured, Granbury employees always assisted Shelby in transferring patients
from their beds to their wheelchairs.  There is also evidence that it was
commonly understood by Granbury employees that they must assist Vitas employees
in transferring patients out of bed.  Even if Granbury ordinarily would not
have had a duty to assist Vitas employees in transferring patients, it arguably
assumed such a duty by consistently assisting Vitas employees in the past.

      Unlike the Fort Bend
case, where the court rejected the injured party’s claim that “a mere promise
made to another to perform a future act without in any way entering upon
performance of that promise creates a duty,” this case involves a contractual
promise and performance of that promise in the past.  See Sbrusch,
818 S.W.2d at 396.  Furthermore, this record contains some evidence that Shelby relied on the contractual promise to her detriment.  See id. at 396-97.  We
hold that a fact issue exists as to whether Granbury undertook to assist Vitas
employees in such a manner as to create a duty to Shelby.  Thus, summary
judgment was improper.  

CONCLUSION

We sustain Shelby’s issue, reverse the summary judgment, and
remand the cause to the trial court for further proceedings.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissents in this
judgment without a separate opinion)

Reversed
and remanded

Opinion
delivered and filed April 12, 2006

[CV06]









    [1]   This
case involves a premises owner’s duty to an employee of an independent contractor. 
A premises owner owes the same duty as a general contractor to an employee of
an independent contractor.  See Koch Ref. Co v. Chapa, 11 S.W.3d 153,
155 n.1 (Tex. 1999).  Cases involving the duty of premises owners and general
contractors are used interchangeably.  Id.