IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2007**

Charles R. Fulbruge III
Clerk

No. 07-10503
Summary Calendar

CHARLES TRENT TOWNSEND, Individually and as Representative of the
Estate of Trevor Townsend, Deceased; JACKIE TOWNSEND, Individually
and as Representative of the Estate of Trevor Townsend, Deceased

Plaintiffs-Appellants

v.

GOODYEAR TIRE & RUBBER CO, doing business as Gemini Automotive
Care, doing business as Goodyear Tire Center, doing business as Gemini
Automotive Care, In its own capacity

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-486

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charles Trent Townsend and Jackie Townsend, individually and as

representatives of the estate of their son Trevor Townsend, sued Goodyear Tire

& Rubber Co. (Goodyear) in a wrongful death action alleging that Goodyear was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

negligent in exercising control over Trevor's training and the safety of his workplace. Trevor, who was killed in an accident while changing tires on a motor home, was employed by Prine, Inc. (Prine), a licensed dealer of Goodyear tires operating under a Dealer Agreement and a Service Mark License. The district court held as a matter of law that Goodyear had no duty to Prine's employees under its contractual arrangement with Prine. The Townsends have appealed, and we review the district court's grant of summary judgment de novo. See Wells v. Gulf Ins. Co., 484 F.3d 313, 315 (5th Cir. 2007).

In Texas, "[o]ne who retains the right of control or exercises actual control over the work of an independent contractor also owes a duty of reasonable care to the contractor's employees." Exxon Corp. v. Tidwell, 867 S.W.2d 19, 21 (Tex. 1993); see also Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985)(adopting the RESTATEMENT (SECOND) OF TORTS § 414 (1977)). For liability there must be "a nexus between the employer's duty of care and its right of control." Hoechst-Celanese Corp. v. Mendez, 967 S.W.2d 354, 356 (Tex. 1998). The more detailed the right of control over the independent contractor's work, the greater the employer's responsibility for any resulting injuries. Id.

The Townsends argue that the Dealer Agreement and the Service Mark License between Goodyear and Prine created in Goodyear a contractual duty to Trevor because Goodyear retained control over the work to be performed. They also contend that Goodyear's contractual responsibility to supervise and retain control over the details of Prine's work makes Goodyear vicariously liable for Prine's negligence. They further argue that Goodyear's advertising of automotive services was indicative of its control because of statements concerning the high standards of its retailers.

Whether an employer of an independent contractor has retained a contractual assignment of control is a question of law for the court. Shell Oil Co. v. Khan, 138 S.W.3d 288, 292 (Tex. 2004). A general contractor will be liable for

an independent contractor's acts if the contract gives it "the right to control the means, methods, or details of the independent contractor's work." Dow Chem. Co. v. Bright, 89 S.W.3d 602, 606 (Tex. 2002)(internal quotation and citation omitted). "Further, the control must relate to the injury the negligence causes, and the contract must grant the contractor at least the power to direct the order in which work is to be done." Id. (internal quotation and citation omitted).

The contractual provisions here provided that Goodyear had the right to ensure its automotive standards were being met and that Prine's employees were adequately trained. The contract also gave Goodyear the right to inspect the premises and to confirm equipment requirements and the availability and competence of the automotive technicians. Prine, as the licensee, agreed to effect any changes deemed necessary by Goodyear to bring the automotive service work in line with industry standards. The Townsends argue that there is no evidence Goodyear inspected Prine's equipment or the capabilities of Prine's employees. The focus of the contract, however, is Goodyear's general right of control over Prine's operations in relation to the quality and standards of service of the automotive work rather than the specific right of control over the safety and training of Prine's employees. See Exxon Corp., 867 S.W.2d at 23.

The contract specifically provided that Prine was required to "maintain adequate equipment, tools, and trained personnel" and that Prine would provide its personnel with training in accord with Goodyear's general requirements. Goodyear did not promulgate specific safety requirements, nor was it required to do so by any contractual provision. Although Goodyear required that Prine's employees be trained and offered training programs, Prine was not required to use Goodyear's services, and the contract did not specify which employees would be trained. "[M]erely exercising or retaining a general right to recommend a safe manner for the independent contractor's employees to perform their work is not enough" to establish liability. Koch Refining Co. v. Chapa, 11 S.W.3d 153, 155

(Tex. 1999); see also Shell Oil Co., 138 S.W.3d at 293 ("a contracting party's right to order work stopped or fire an independent contractor for non-compliance does not create liability for everything the independent contractor does (or fails to do)"). The contract here did not provide for Goodyear to train Prine's employees, and it did not provide Goodyear with supervision of the specific methods and means of Prine's operations which caused Trevor Townsend's unfortunate injuries. See Dow Chem. Co., 89 S.W.3d at 606; Exxon Corp., 867 S.W.2d at 23. The district court correctly determined that Goodyear did not have a duty to Trevor as Prine's employee.

Accordingly, the district court's judgment is AFFIRMED.