NUMBER 13-06-096-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


RAMON CARDENAS AND MARIA CARDENAS, Appellants,


v.
 


JOE WILLIAMSON CONSTRUCTION CO., INC., Appellee.

 

On appeal from the 389th District Court 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellants, Ramon Cardenas and his wife, Maria Cardenas, sued appellee, Joe
Williamson Construction Co., Inc. (Williamson Construction), for personal injuries and
damages sustained by Mr. Cardenas when he fell at a construction site. Williamson
Construction was the general contractor, and Mr. Cardenas was an employee of one
of Williamson Construction's subcontractors, L & I Steel. Williamson Construction
filed a traditional motion for summary judgment which the trial court granted. By one
issue, appellants contend that the trial court erred in granting summary judgment in
favor of Williamson Construction because a material fact issue remains regarding the
duty element of their negligence claim. We affirm. 

I. Background

 Williamson Construction was the general contractor at a middle school
construction project in Donna, Texas. Through a "Standard Form of Agreement
between Contractor and Subcontractor" (contract), Williamson Construction hired L
& I Steel to furnish and install steel items. Mr. Cardenas was employed by L & I Steel
as an iron worker. While connecting steel joists at a height of approximately fourteen
feet, Mr. Cardenas fell and sustained injuries. 

 Appellants sued Williamson Construction claiming that, as the general
contractor, Williamson Construction had overall responsibility for safety on the project
and it was responsible for coordinating accident prevention activities for the
subcontractors on the project. They also alleged Williamson Construction was
negligent in failing "to provide Ramon Cardenas with (and monitor proper use of)
adequate safety equipment, safe tools, and a safe workplace, all of which proximately
caused Ramon Cardenas's injuries." Williamson Construction filed a traditional
motion for summary judgment alleging Mr. Cardenas failed to establish that
Williamson Construction owed Mr. Cardenas a duty because it lacked any right to
control the details of his work. Tex. R. Civ. P. 166a(c). Without stating the grounds,
the trial court granted Williamson Construction's traditional motion for summary
judgment. This appeal ensued.

II. Standard of Review

 We review the trial court's grant of a motion for summary judgment on
traditional grounds de novo. Ortega v. Nat'l Bank, 97 S.W.3d 765, 771 (Tex.
App.--Corpus Christi 2003, no pet.) (op. on reh'g). The issue on appeal is whether
the movant met the summary judgment burden by establishing that no issue of
material fact exists and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 
We do not, however, disregard evidence in support of the motion. BP Chems., Inc. v.
AEP Tex. Cent. Co., 198 S.W.3d 449, 454 (Tex. App.--Corpus Christi 2006, no pet.)
(citing City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005)). In determining
whether there is a genuine issue of material fact, we take as true all evidence
favorable to the nonmovant and indulge every reasonable inference and resolve any
doubts in the nonmovant's favor. Ortega, 97 S.W.3d at 772.

 A defendant who conclusively negates at least one essential element of a
cause of action is entitled to summary judgment on that claim. Grant, 73 S.W.3d at
215. Once the defendant produces sufficient evidence to establish the right to
summary judgment, the burden shifts to the plaintiff to raise an issue of material fact
with regard to the element challenged by the defendant. Centeq Realty Inc. v. Siegler,
899 S.W.2d 195, 197 (Tex. 1995); Rodriguez v. Klein, 960 S.W.2d 179, 182 (Tex.
App.--Corpus Christi 1997, no pet.). When a trial court grants the defendant's motion
without specifying the ground, we will affirm the summary judgment if any of the
theories advanced are meritorious. Branton v. Wood, 100 S.W.3d 645, 647 (Tex.
App.--Corpus Christi 2003, no pet.). 

III. Duty

 By one issue, appellants contend that the trial court erred in granting summary
judgment in favor of Williamson Construction because a material fact issue remains
regarding Williamson Construction's duty to Mr. Cardenas.

A. Applicable Law 

 "A general contractor owes the same duty as a premises owner to an
independent contractor's employee." Dow Chem. Co. v. Bright, 89 S.W.3d 602, 605-06
(Tex. 2002) (quoting Koch Ref. Co. v. Chapa, 11 S.W.3d 153, 155 (Tex. 1999) (per
curiam)). A premises owner may be liable for negligence in failing to keep the
premises safe in connection with activities conducted there. See Koch, 11 S.W.3d at
155. Negligence consists of the following elements: (1) a legal duty owed by one to
another; (2) a breach of that duty; and (3) damages proximately caused by that
breach. Western Inv., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); Alamo Lumber
Co. v. Pena, 972 S.W.2d 800, 805 (Tex. App.--Corpus Christi 1998, pet. denied). 
Williamson Construction's summary judgment challenged the duty element of
appellants' negligence claim. 

 Generally, a general contractor does not have a duty to ensure that the
independent contractor performs its work in a safe manner, unless the general
contractor retains some control over the manner in which the work is done. Hoechst-Celanese Corp. v. Mendez, 967 S.W.2d 354, 355 (Tex. 1998) (per curiam). A duty may
arise if the general contractor has the right to control the means, methods, or details
of the independent contractor's work. Elliott-Williams Co., Inc. v. Diaz, 9 S.W.3d 801,
803-04 (Tex. 1999). A general contractor's right to control may be retained through
evidence of a contractual agreement that explicitly assigns the right to control the
subcontractor's employee's work. Dow, 89 S.W.3d at 606; see Koch, 11 S.W.3d at
155; Elliott-Williams, 9 S.W.3d at 804. "[T]he contract must grant the contractor at
least the power to direct the order in which work is to be done." Dow, 89 S.W.3d at
606; Elliott-Williams, 9 S.W.3d at 804. A general contractor's right to control its
subcontractor's employees may also be retained by evidence it actually exercised
control over the manner in which the independent contractor's work was performed. 
Koch, 11 S.W.3d at 155. A legal duty does not arise if there is no control over the
work of the independent contractor. Elliott-Williams, 9 S.W.3d at 803-04.

 A general contractor is not subject to liability, however, if it only retains the
general right to recommend a safe manner for the independent contractor's
employees to perform their work. Koch, 11 S.W.3d at 155 ("[T]he comments to
section 414 of the Restatement [Second] suggest that merely exercising or retaining
a general right to recommend a safe manner for the independent contractor's
employees to perform their work is not enough to subject a [general contractor] to
liability. . . ." (quoting Restatement (Second) of Torts § 414 (1965))). "[R]equiring an
independent contractor to 'observe and promote compliance with federal laws,
general safety guidelines, and other standard safety precautions [does] not impose
an unqualified duty of care on [a premises owner] to ensure that [an independent
contractor's employees do] nothing unsafe.'" Koch, 11 S.W.3d at 156 (quoting
Hoechst-Celanese, 967 S.W.2d at 357-58). Safety requirements do give rise to a
narrow duty to ensure that the safety requirements and procedures do not
unreasonably increase the probability and severity of injury. Hoechst-Celanese, 967
S.W.2d at 358.

B. Analysis

 Williamson Construction moved for summary judgment on the ground that it did
not owe a duty to Mr. Cardenas as a matter of law because it did not have the right
to control the manner in which Mr. Cardenas did his work. We agree. 

 Williamson Construction included, as summary judgment evidence, its contract
with L & I Steel. The contract established only that L & I Steel agreed to comply with
the contract, including section 4.3 entitled "Safety Precautions and Procedures." The
contract did not explicitly assign Williamson Construction the right to control the
subcontractor's work. See Koch, 11 S.W.3d at 155; Elliott-Williams, 9 S.W.3d at 801.
Furthermore, it did not grant Williamson Construction the power to direct the order in
which Mr. Cardenas's work was to be done. See Elliott-Williams, 9 S.W.3d at 804. 
Finally, from our review of the contract, we cannot conclude that the contract explicitly
provided that Williamson Construction had the right to control the means, methods,
or details of the independent contractor's work. See id. at 803-04; Dow, 89 S.W.3d
at 606. Therefore, Williamson Construction established that it did not retain a
contractual right to control Mr. Cardenas's work. See Elliottt-Williams, 9 S.W.3d at
804.

 In support of its motion, Williamson Construction also attached excerpts from
Mr. Cardenas's deposition testimony. Mr. Cardenas's relevant deposition testimony
established that: (1) L & I Steel gave all the necessary equipment to Mr. Cardenas,
including his hard hat and his safety goggles; (2) L & I Steel sold gloves to its
employees; (3) Mr. Cardenas never met any supervisors or foreman of Williamson
Construction on the job site at Donna Middle School; (4) no one from Williamson
Construction told Mr. Cardenas what to do; and (5) no one from Williamson
Construction supervised him. We conclude this evidence establishes that Williamson
Construction did not actually exercise control over the manner in which Mr. Cardenas
performed his work. See Koch, 11 S.W.3d at 155.

 Because Williamson Construction did not have the right to control Mr.
Cardenas's work, a legal duty did not arise. See Elliott-Williams, 9 S.W.3d at 803-04. 
Williamson Construction conclusively negated the element of duty, thus establishing
its right to summary judgment. See Grant, 73 S.W.3d at 215; Ortega, 97 S.W.3d at
772. We must now decide whether appellants met their burden to raise an issue of
fact concerning whether Williamson Construction retained the type of control that
would give rise to a legal duty owed to employees of L & I Steel. See Centeq, 899
S.W.2d at 197. 

 In their response to Williamson Construction's motion for traditional summary
judgment, appellants asserted that a fact issue regarding the right to control was
created by provisions in the contract that set out the following: (1) Williamson
Construction requires its subcontractors to take reasonable safety measures initiated
by the contractor; (2) Williamson Construction requires its subcontractors to follow all
laws regarding safety, including fall protection for anyone working or walking on
surfaces at six feet or more; (3) L & I Steel will follow safety ground rules established
by Williamson Construction; and (4) Williamson Construction will not give instructions
or orders directly to employees or workmen of the subcontractor unless a life-threatening act or injury is imminent and immediate intervention could prevent the act. 
Additionally, appellants offered, as evidence, Williamson Construction's "Independent
Contractor Safety Policy" (safety policy). Appellants asserted that Williamson
Construction assumed the right to control Mr. Cardenas's work through this safety
policy, which provides that Williamson Construction will "[m]onitor the independent
contractor's compliance with the contract throughout the duration of the work" and
"note any negligent or unlawful act or condition in violation of safety standards or
requirements." Appellants argued that the safety policy created a fact issue because
Williamson Construction implemented and required L & I Steel to follow the safety
policy, thus retaining the requisite "right to control." 

 To raise an issue of fact, however, appellants had to show that Williamson
Construction had more than a right to stop the work or order it resumed, to inspect or
receive progress reports, or to make suggestions, recommendations, or revisions that
the subcontractor was free to accept or reject. See Hoechst-Celanese, 967 S.W.2d at
356 (citing Restatement (Second) of Torts § 414 cmt. c (1965)). We have already
concluded that Williamson Construction, in its contract with L & I Steel, did not
explicitly retain any control over the manner in which Mr. Cardenas performed his
work. See Koch, 11 S.W.3d at 155; see also Elliott-Williams, 9 S.W.3d at 801. 
Moreover, "[a] contract requiring independent contractors to comply with general
safety practices and train their employees to do so cannot constitute a right to control
job-site safety." Shell Oil Co. v. Khan, 138 S.W.3d 288, 293-94 (Tex. 2004) (citing
Dow, 89 S.W.3d at 611; Hoechst-Celanese, 967 S.W.2d at 357-58). Therefore, the
provisions in the safety policy, even if part of the contract, do not support appellants'
position. 

 Williamson Construction's mere promulgation of safety requirements in its
contract and safety policy, including a requirement to use fall protection equipment,
does not subject Williamson Construction to liability, unless the safety requirements
unreasonably increased the probability and severity of injury to Mr. Cardenas. See
Dow, 89 S.W.3d at 611. And, appellants did not assert at any time during the
proceedings in the trial court that Williamson Construction's promulgated safety
requirements and procedures unreasonably increased the probability and severity of
injury to Mr. Cardenas, which eliminated the need for Williamson Construction to
negate this allegation. See id. Finally, appellants' evidence did not establish that
Williamson Construction actually exercised control over the manner in which Mr.
Cardenas's work was performed. See Koch, 11 S.W.3d at 155. Mr. Cardenas's
deposition testimony, provided by Williamson Construction, established--that he
never met anyone from Williamson Construction on the construction site and no one
from Williamson Construction supervised him. Therefore, taking as true all evidence
favorable to appellants, and indulging every reasonable inference and resolving any
doubts in their favor without disregarding evidence in support of the motion, we
conclude appellants did not raise an issue of material fact with regard to Williamson
Construction's duty--actual or contractual right to control--to Mr. Cardenas. See BP
Chems., Inc. v. AEP Tex. Cent. Co., 198 S.W.3d 449, 454 (Tex. App.--Corpus Christi
2006, no pet.) (citing City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005));
Ortega, 97 S.W.3d at 772.

 Because Williamson Construction negated the element of duty and appellants
have not raised an issue of material fact as to that element, the trial court did not err
when it granted Williamson Construction's traditional motion for summary judgment. 
See Grant, 73 S.W.3d at 215; see also Centeq, 899 S.W.2d at 197; Rodriguez, 960
S.W.2d at 182. We overrule appellant's sole issue. 

 We need not address appellants' claims of malice because we have concluded
that Williamson Construction did not owe a duty to Mr. Cardenas. See Tex. R. App.
P. 47.1.; RT Realty, L.P. v. Tex. Utils. Elec. Co., 181 S.W.3d 905, 914 (Tex.
App.--Dallas 2006, no pet.) ("The threshold inquiry regarding a gross negligence
claim is whether a legal duty existed.") (citing Thapar v. Zezulka, 994 S.W.2d 635, 637
(Tex. 1999)). Likewise, the doctrine of res ipsa loquitur, a rule of evidence by which
negligence can be inferred, does not apply because we have determined Williamson
Construction did not have control over Mr. Cardenas's work. See Tex. R. App. P. 47.1;
Marathon Oil Co. v. Sterner, 632 S.W.2d 571, 573 (Tex. 1982) (providing that res ipsa
loquitur does not apply when the instrumentality that caused the damage was not
under the defendant's exclusive control); Mobile Chem. Co. v. Bell, 517 S.W.2d 245,
250 (Tex. 1974) (same). We overrule appellants' sole issue.

IV. Conclusion

 We affirm the judgment of the trial court.


 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 20th day of November, 2007.