# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00088-CV

**Marsha Dawn Weiss, Appellant**

**v.**

**Davis Tucker; Lufthefe, LLC d/b/a North by Northwest, Appellees**

---

### FROM THE DISTRICT COURT OF 261ST COUNTY, TRAVIS JUDICIAL DISTRICT
### NO. D-1-GN-07-003972, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

---

### NO. 03-08-00089-CV

**Marsha Dawn Weiss, Appellant**

**v.**

**Pinnacle Construction of Austin, Texas; Appellees**

---

### FROM THE DISTRICT COURT OF 261ST COUNTY, TRAVIS JUDICIAL DISTRICT
### NO. D-1-GN-07-003973, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Marsha Dawn Weiss sued appellees Pinnacle Construction of Austin,

Texas ("Pinnacle") and Davis Tucker and Lufthefe, LLC d/b/a North by Northwest (collectively, the

"restaurant owners") for personal injuries Weiss sustained when she was struck by a falling light

fixture in the "North by Northwest" restaurant in Austin. In these consolidated appeals, we consider whether the trial court erred in granting summary judgment for appellees Pinnacle and the restaurant owners. In two issues, Weiss claims that the summary judgments should be reversed because she raised genuine issues of material fact concerning whether Pinnacle, the general contractor, actually installed or controlled the installation of the light fixture that caused her injuries and whether the restaurant owners exercised control over the independent contractors who designed, built, and installed the fixture. We will affirm the summary judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

Weiss was a patron at the North by Northwest restaurant when a custom-built light fixture fell from the dining room ceiling onto her head and shoulders, causing her severe injuries. The light fixture, which weighed one hundred pounds, had been suspended from the ceiling using a ceiling fan mounting kit rated for a maximum load of forty pounds. It is undisputed that the light fixture fell because the mounting bracket failed to support its weight.

Weiss brought several claims against the restaurant owners under premises-defect, negligent-hiring, and products-liability theories, claiming that the restaurant owners failed to (1) exercise ordinary care to reduce or eliminate the risk of harm posed by the light fixture, (2) properly inspect the premises in order to discover the light fixture's unsafe condition, (3) employ a competent contractor to design, build, and install the light fixture, and (4) produce, design, and manufacture a safer alternative to the defective light fixture. She also brought negligence claims against Pinnacle, the general contractor; Frank Fox, who designed and constructed the light fixture; and Tracy Williams ("Williams") d/b/a Williams Electric Company ("WEC"), the electrician who

2

she alleged had "participated in assembling and installing" the light fixture. In addition, Weiss sued the project architect, Patrick Ousey, d/b/a FAB Architecture, for breach of his professional duty of care, and FanTec, Inc., the company that produced the mounting bracket used to hang the light fixture, under a products-liability theory.

Pinnacle and the restaurant owners both filed motions for traditional and no-evidence summary judgment. Pinnacle moved for summary judgment on the grounds that it did not design, fabricate, or install the light fixture and that there was no evidence that it owed or breached any legal duty to Weiss. In their traditional summary-judgment motion, the restaurant owners argued that they did not have a right to control and did not exercise control over the design of the failed mounting bracket or the installation of the light fixture. They further argued that Weiss could not prove that they had notice of the defect or that they had failed to exercise reasonable care to eliminate the risk posed by the bracket. In their no-evidence motion, the restaurant owners asserted that Weiss had no evidence to support any of the elements of her premises-liability claim.

After a hearing, the trial court granted Pinnacle's and the restaurant owners' motions for summary judgment and severed Weiss's claims against those defendants. These appeals followed.

**STANDARD OF REVIEW**

We review the trial court's summary-judgment rulings de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We will affirm the summary judgment if any ground presented

3

to the trial court is meritorious. *See Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 840 (Tex. App.—Austin 2007, no pet.).

When, as here, a party moves for summary judgment under both rule 166a(c) and rule 166a(i), we first review the trial court's summary judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Under rule 166a(i), a movant must assert that, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *see Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). To defeat a rule 166a(i) summary-judgment motion, the nonmovant must produce summary-judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i); *Ford Motor Co.*, 135 S.W.3d at 600. A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element. *Ford Motor Co.*, 135 S.W.3d at 600. More than a scintilla of supporting evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). If the non-movant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the movant's proof satisfied the rule 166a(c) burden. *Ford Motor Co.*, 135 S.W.3d at 600.

## DISCUSSION

### *Pinnacle's Summary Judgment*

In her first issue, Weiss argues that the trial court erred in granting Pinnacle's motions for summary judgment because there is a genuine issue of material fact as to whether Pinnacle or WEC installed the light fixture. In so arguing, Weiss relies on Williams's deposition testimony, wherein he stated that he knew that WEC did not install the custom light fixtures because the installation of custom fixtures was not within the scope of his work or included within his bid for the project. Williams also testified regarding a dispute between his on-site electrician, Joe Burlew, and Pinnacle over WEC's refusal to install the custom fixtures because the fixtures were not "code-compliant." Williams testified, "And then I get involved and go out and settle it and tell them we're not going to do it." Asked if he knew who ultimately installed the custom light fixture in the main dining room, Williams answered, "No, I do not." According to Weiss, the only reasonable inference that can be drawn from Williams's testimony is that Pinnacle must have installed the light fixtures because Pinnacle, as the general contractor, was responsible for all aspects of the project, including the electrical work. In support of this claim, Weiss points to the affidavit of the architect, Patrick Ousey, who averred that Pinnacle, "the general contractor, was to provide the remainder of the design work on the project, including the mechanical, electrical and plumbing design engineering" and that the restaurant owners had agreed to deliver the custom light fixtures to the general contractor for installation.

Pinnacle responds that while Williams's testimony might be some evidence that *WEC* did not install the light fixture, the record is wholly devoid of any evidence that *Pinnacle* installed

5

it or controlled whoever did. Pinnacle further urges that Ousey's statements are "conclusory" and incompetent because they were not based on his personal knowledge, and are therefore not proper summary-judgment proof. Accordingly, Pinnacle argues that its no-evidence motion for summary judgment should be affirmed on the basis that there was no evidence that it either owed or breached a duty to Weiss and, therefore, no evidence that Pinnacle proximately caused Weiss's injuries. We agree.

The law is well settled that a general contractor such as Pinnacle has no duty to ensure that its independent contractors perform work in a safe manner. *See Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 791 (Tex. 2006); *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W. 3d 778, 783 (Tex. 2001); *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985). Therefore, an employer cannot be held vicariously liable for the actions of an independent contractor unless the employer retains some control over the manner in which that contractor performs the work that causes the damage. *Ramirez*, 196 S.W.3d at 791; *see* Restatement (Second) of Torts § 414 (1977). For the general contractor to be vicariously liable, his control must rise to the level of directing how the work is to be performed or directing the safety of the performance. *Ramirez*, 196 S.W.3d at 791; *Redinger*, 689 S.W.2d at 418. A right of control requires more than "a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations." *Koch Ref. Co. v. Chapa*, 11 S.W. 3d 153, 155 (Tex. 1999). "There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." *Id.*

6

In order to overcome Pinnacle's no-evidence motion, Weiss had to produce more than a scintilla of evidence that Pinnacle either installed the light fixture or exercised sufficient control over its installation, thereby giving rise to a legal duty to Weiss. Weiss did not produce any evidence that Pinnacle actually performed the installation of the light fixture that caused her injuries. Nor did she bring forward any evidence that Pinnacle exercised a right of control over whoever did install the fixture, let alone show that Pinnacle actually engaged another electrical contractor to perform the installation. Weiss's bare assertion that, upon WEC's refusal to install the fixtures, Pinnacle would have had to hire someone else to do the work, and would have necessarily controlled that person's performance is mere conjecture; it is not evidence that Pinnacle exercised the level of control sufficient to give rise to a duty on the basis of vicarious liability. *See McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 207 (Tex. App.—Austin 2005, pet. denied) ("'[A] vital fact may not be established by piling inference upon inference.'") (quoting *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968)). Because Weiss has not shown that the trial court erred in granting Pinnacle's 166a(i) motion, we overrule her first issue.

### The Restaurant Owners' Summary Judgment

In Weiss's second issue, she argues that summary judgment should not have been granted in favor of the restaurant owners because she raised a genuine issue of material fact concerning whether the restaurant owners controlled whoever installed the light fixture.

Much like a general contractor, "an owner or occupier of land does not owe any duty to ensure that an independent contractor performs his work in a safe manner." *Hoechst-Celanese Corp. v. Mendez*, 967 S.W.2d 354, 356 (Tex. 1998) (citing *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627,

7

631 (Tex. 1976)); *see Williams v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). "However, a duty may arise where the employer retains 'some control over the manner in which the independent contractor's work is performed.'" *Mendez*, 967 S.W.2d at 356 (quoting *Redinger*, 689 S.W.2d at 418). Yet even where such a duty does arise, it is "commensurate with the control" that the owner retains over the independent contractor's work. *General Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008). Thus, it is not enough to show that the defendant controlled one aspect of the independent contractor's activities if the injury arose from another. *Id.* Therefore, in order to withstand the restaurant owners' no-evidence summary judgment, Weiss had to produce more than a scintilla of evidence that the restaurant owners controlled the activity from which her injury indisputably arose—the installation of the light fixture. She failed to meet this burden.

Even when considered in the light most favorable to Weiss, and resolving all inferences in her favor, the evidence shows only that the restaurant owners exercised control over the design and fabrication of the light fixtures. Weiss's evidence on this point consists of Ousey's affidavit, wherein he stated that the restaurant owners made the decision to use custom lights, contacted Fox to assist in the design and assembly of the lights, approved the lighting design and fixture prototype, authorized production of the light fixtures based on the prototype, and provided the fabricated lights to the general contractor for installation. As the restaurant owners point out, this evidence would be closer to supporting Weiss's claims against them if, rather than the mounting bracket, the light fixture itself had failed; it did not. Because Weiss produced no evidence that the restaurant owners had any control over the actual installation of the fixture, the trial court did not err in granting the restaurant owners' motion for summary judgment under rule 166a(i).

8

**CONCLUSION**

Having overruled Weiss's issues on appeal, we affirm the summary judgments in favor of the appellees.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   March 27, 2009